### WILLIAM P. FURNISS v. FREDERICK F. HOLLAND.

A notary's certificate under the act of 1833 is evidence only of the fact of presentment, not of an excuse for not presenting or demanding payment.

The fact of due diligence in seeking the maker's residence, where a note has not been presented for payment, cannot be proved, even *prima facie*, by a notary's certificate.

What is due diligence as an excuse for not presenting a note and demanding payment.

ASSUMPSIT against defendant as indorser of a promissory note, which was dated in New York, and payable to defendant's order in four months, without specifying any place of payment.

The plaintiff gave in evidence the certificate of a notary that on the day the note became due he had sought for the

maker, and on due inquiry had been unable to find him, whereupon he had protested the note.

*J. W. White,* for defendant, objected to this as sufficient evidence of due diligence on the part of the notary.

*J. Sherwood, contra,* referred to the statute laws of 1833, ch. 271, § 8.

*The Circuit Judge :* The statute makes the notary certificate evidence of a presentment, not of the sufficiency of an excuse for not presenting. When the certificate states a fact, that becomes *prima facie* evidence, under the statute, of the truth of that statement, and when a statute authorizes a proceeding in derogation of the common law, it must be strictly construed, and cannot be extended by implication. The question of due diligence is one of law, when the facts are ascertained. To allow to a notary's certificate the force here claimed for it, would be to give it not only the effect of evidence, but of a decision of the court upon the force of that evidence. That cannot be, unless the statute clearly warrants it, which it does not.

*The Plaintiff* then called the notary and his clerk as witnesses, when it appeared that when they received the note for presentment, finding no place marked on it, they inquired of the holder of the note — who was the second indorser — as to the maker's residence, and received for answer that he did not know it, and thereupon, without further inquiry or presentment, the note was protested. It further appeared that the maker was a resident of the city of New York, and had been for over twelve years, and that his name was in the directory with ten others of the same name.

*White,* for defendant, moved for a nonsuit, on the ground that due diligence to find the maker had not been used.

*The Circuit Judge :* The motion must be granted. Here

was no presentment, nor a sufficient excuse for want of it. Due diligence was not used. The notary ought to have inquired of the first indorser, also, as he resided in the same place with both the maker and the notary, or to have gone to, at least, some of those of the same name, whose address was in the directory.

Nonsuit ordered.